Smith, J.
In this case the plaintiffs in error seek the reversal of a judgment of the Court of Common Pleas, dismissing an appeal taken by them from the judgment of the Probate Court, refusing to grant a motion of said Cromwell and Brenton filed in such court directing the administrator of the estate of Kebler to pay to them a dividend on the full amount of their claim presented against such estate, and which order then made on such motion, authorized the administrator to pay to thém dividends on the amounts of their respective claims, deducting the sums paid to them heretofore from the sales of the real estate on which they held mortgage security, and which dividend the journal entry shows they refused to accept, and gave notice of an appeal, and gave bond in the sum fixed by the Court, and filed the transcript for appeal in the Court of Common Pleas.
The transcript of the docket entries of the Probate Court shows the appointment of Mr. Herron as the administrator do bonis non, with the will annexed of the estate of John Kebler, February 27, 1888, and that on August 8, 1890, the estate was declared probably insolvent, and the appointment of L. N, Catch and W. C. Herron, as commissioners, to receive and examine all claims of creditors against said estate, and that on March 20, 1891, the report of said commissioners was duly filed, and on May 7, 1891, an order was made by the Court confirming such report, On June 1, 1891, an entry was made ordering a dividend. On February 2, 1892, it appears that the motion of plaintiffs in error before mentioned was filed, and on March 18, 1892, the order of the Court overruling the motion was entered, and then the appeal was taken.
In the Court of Common Pleas the case was heard, and a finding of facts made, and the appeal dismissed at the costs of the plaintiffs in error.
*450 The finding of facts in so far as we deem it necessary to state it,was substantially this:'“That said plaintiffs in error were creditors of the estate of Kebler, one of them in the sum of $3,200 and interest, and the other in the sum of $2,975.50 and interest, evidenced by notes on which Kebler was liable to them, and secured by a mortgage on real estate. That these claims had been allowed by the administrator as valid claims prior to January 1, 1892. That after the proofs of these claims, and after the filing and confirmation of the report *of the commissioners of insolvency, the real estate covered by said mortgage was sold in October 1891, and the net proceeds, amounting to $3,314.63, were paid over to the plaintiffs in error jointly on their said claims. That after the presentation and allowance of said claims, and before the said sale of the mortgaged property, the Probate Court declared said estate to be probably insolvent, and appointed commissioners of insolvency under the statutes of Ohio.
“That said commissioners in March, 1891, reported that there was due from the estate to Margaret Cromwell on her note the sum of $4,382.37, and to Emma D. S. Brenton on her note the sum of $3,705.46, and further represented that said claims were partly secured, and said commissioners allowed the above sums after deducting the amounts that might thereafter be received from said securities, and thereafter in June, 1891, the Probate Court declared a dividend of five per cent on the indebtedness so reported, and the said administrator afterwards offered to pay said parties the said dividend upon the amount so reported, less the amount paid to said parties from the proceeds of said sale, which was refused.”
And as a conclusion of law, the Court held that the plaintiffs in error were only entitled to a dividend on the amount of the claim, after deducting the payments made thereon from the proceeds of the mortgaged property.
The principal question argued to us in, the case was, *451 whether a person who has an admitted claim for a certain amount against an insolvent estate, for which he holds a mortgage or other security, is entitled to a dividend on the full amount thereof, as well as the amount he may realize from his other securities, (if together they do not equal the amount of the claim), or whether he is only entitled to a dividend on so much of his claim, as remains after crediting thereon the amount realized from the other securities.
When the question was first presented to us, I believe all of the members of the court were of the opinion that the latter was the true and equitable rule, and in the absence of any decision by the Supreme Court of this state, we felt disposed to so hold, and Judge Cox is still of the same opinion. A more careful consideration of the many authorities cited to us has led Judge Swing and myself to the conclusion that the great weight of authority is to the contrary. So far as I am concerned I come to this conclusion with' reluctance, for I feel that it is not the most equitable rule.
But it is urged by the administrator that this question is not properly presented by the record in this case. In effect his claim is that the decision of the commissioners appointed to examine and report on the claims against the estate, was final as to both creditors and the estate unless appealed from to the Probate Court, and that the commissioners only allowed so much of the claim of those parties as - would remain after crediting thereon the amounts received from the securities held therefor, and that no appeal was taken therefrom.
It it clear from sec. 6224 Rev. Stat. that on the appointment of such commissioners they are to receive, pass upon and make report as to all claims against the insolvent estate, including those before presented to the administrator, and allowed by him, and return a list thereof with the amount allowed on each. And they may examine the claimant and *452 other witnesses as to the amount due under the provisions of sec 6233 and 6234. They act then as a quasi judicial tribunal.
Sec. 6230 provides that any person whose claim shall be disallowed in whole or in part by the commissioners, and aily administrator who may be dissatisfied with the allowance of any claim, may appeal from the decision of the commissioners to the Probate Court. This may be done by the creditor within ten days from the decision by complying with the terms of the statute, and in case of such appeal the Court is to hear and determine the question,
There is no claim that any such appeal was taken by either of the parties, but on the contrary the report of the commissioners was approved by the Probate Court and a dividend ordered to be paid on the claims as so allowed. But it is urged by counsel for plaintiffs in error that by this finding of the commissioners the whole of the principal and interest of these claims was allowed, and therefore it was not necessary that his clients should appeal, but on the contrary on such report they were entitled to a dividend on the whole amount.
We do not so understand the allowance of the claims, as shown by the finding of facts. They did report that there was due to each of these plaintiffs in error a certain sum, but that the claims were partly secured, and that they allowed the above named sums, after deducting the amounts that might thereafter be received from the said securities. This certainly cannot be held to be an allowance of the whole claim, but of so much thereof as would remain after the payment thereon of the amount received from, the securities. If this was not satisfactory to the creditors, it not being an allowance of their whole claim, they should have appealed to the Probate Court, and this not having been done, we think the question is finally settled, and that on the filing of a motion as was done in this case, by the *453 plaintiffs in error, nearly a year afterwards, that the administrator be required to pay a dividend on the original amouut of the whole claim, and this being decided against them, they could not appeal from this ruling to the Common Pleas.
Wilby & Wald, for plaintiff in error.
Herron, Gateh & Herron, for defendants in error.
In addition to this it would seem, that no appeal would lie under See. 6407, or under any statute with which we are familiar, from a refusal by the Probate Court to grant a motion of this kind. By the section named appeals may be taken to the Court of Common Pleas from any order, decision or judgment of the Probate Court in settling the accounts of an administrator, but this was not a case of this kind.
We think therefore the Court was right in dismissing the appeal, as it had no jurisdiction of the case, but the judgment for the costs will have to be reversed, and the case be stricken from the docket of the Court.